UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 2058, G.L.D; FREDERICK S. SIRKO; MISTY ADAMS; THOMAS F. ADAMS; CHARLES K. BARKER; CLARENCE M. BAUSWELL; VICTOR J. BENSON; CLIFF P. BLANKENSHIP; JAVAN BOGEV; JAMES B. BOTTOS; DAVID A. BOWEN, SR.; CHARLES BREWER; RICHARD M. BREWER; DAVID A. BROSKY; JIM D. CANNON; ANTHONY DEJESUS; RAUL DELGADO; GALEN E. DOAN, JR.; JOSHUA B. DRAKE; JASON M. FORSYTHE; JEFFREY L. GAST; JEFF HAMMOND; MICHAEL HILL; RICK W. JACKSON; KEVIN JAROSAK; JERRY KIDWELL; KEITH A. LEBLANC; ROBERT A. MARTINIE; TIMOTHY MATTOCKS; BRIAN K. MCGEE; BRIAN MCINTOSH; GLENN MUELLER; JOHN NAUGHTON; DANIEL J. ORSHONSKY; JAMES E. OSIKA; BILLY L. PACELEY, SR.; RITCHIE L. PARK; CHRISTOPHER A. PARRY; RICHARD PERTEKEL; RONALD M. PFEIFFER; VINCENT J. PIAZZA; VLASE PITAROSKI; CHARLES O. PUSKAC; THOMAS G. PUSKAC; GLENN REMPIS; KEVIN REMPIS; JAMES A. RONK; RENE SALINAS; ROBERT J. SCHMITT; JEFFREY SCHROEDER; THOMAS SCURTU; ADAM J. SECH; VINCENT SENTORO; ANTHONY R. SRNICK; MICHAEL TAYLOR; WILLIAM D. THOMASON; GREGORY S. TUTHILL; KEVIN VANWOERDEN; ROBERT A. WALKER; TIMOTHY W. WENZEL; JEFFREY W. WHITING; GERALDINE GALLARDO; NIKKI N. SCHULTZ; CINDY L. WHALEN; and DAWN CARPENTER, <br><br>                Plaintiffs,<br><br>  vs.<br><br>GREAT LAKES PROCESSING, L.L.C.,<br><br>                Defendant. | NO. 2:05-CV-95 PS |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Verified Application to Court to Enter an Order and Default Judgment against Defendants [Doc. 12]. Because Defendant Great Lakes Processing, L.L.C. has failed to answer or otherwise defend this lawsuit, it is adjudged to be in default.

## I.  BACKGROUND

Plaintiffs filed their initial complaint in this matter on March 10, 2005 [Doc. 1]. Service of Summons and Complaint by certified mail was made and received by Defendant on March 17, 2005 [Doc. 5]. Defendant failed to appear, plead, or otherwise defend the lawsuit as provided by the Federal Rules of Civil Procedure. Accordingly, Plaintiffs filed an Application for Clerk to Enter Default of Defendant on May 11, 2005 [Doc. 6], which the clerk of the court entered on that same day [Doc. 7].

Plaintiffs then filed a first amended complaint on June 24, 2005 pursuant to Federal Rule of Civil Procedure 15(a) [Doc. 9 & 10]. On June 30, 2005, they filed an acknowledgment of service with the Court. Defendant again failed to appear, plead, or otherwise defend this matter. Therefore, Plaintiffs on September 16, 2005 filed their Application for Clerk to Enter Default of Defendant [Doc. 13], which the clerk of the court entered on September 19, 2005 [Doc. 14]. Plaintiffs also filed a Verified Application to Court to Enter an Order and Default Judgment Against Defendants on September 15, 2005 [Doc. 12], which is now currently before this Court.

Plaintiffs assert two counts against Defendant in their complaint. First, Plaintiffs brought this action "to collect back pay owed to them by [Defendant] and to collect reimbursement for medical expenses incurred during their employment loss which would have been otherwise covered under the Defendant's health plan if the individual Plaintiffs' employment loss had not

occurred[,]" pursuant to 29 U.S.C. § 2104 – the Worker Adjustment and Retraining Notification Act ("the WARN Act").  (Am. Compl. at 3-4.)  Plaintiffs seek a total of $400,541.16 for this claim.  (App. for Default Judgment at 6.)  Second, Plaintiffs brought this action to collect wages and unpaid vacation owed to them pursuant to I.C. 22-2-5-1 and I.C. 22-2-5-2 – the Indiana Wage Payment Statute.  (Am. Compl. at 13-14.)  Plaintiffs seek a total of $328,943.98 for this claim.  (App. for Default Judgment at 8.)  They also seek treble damages on the amount owed, and attorneys' fees and costs of the lawsuit.  (*Id.*)  Plaintiffs however have not provided the Court with an affidavit stating the amount of attorneys' fees and costs they request.

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment.")  Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).  *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992).  Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend.  Fed. R. Civ. P. 55(a).  "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore et al., Moore's Federal Practice ¶ 55.03 (2d ed. 1985)).

As the clerk has entered default against Defendant in this case, this Court may now enter a default judgment under Rule 55(b)(2).  While Federal Rule of Civil Procedure 55(b) gives district courts the power to enter default judgment, they must exercise discretion when doing so.

*See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).  "'As a general rule, a default judgment establishes, as a matter of law, that defendant[] [is] liable to plaintiff[s] as to each cause of action alleged in the complaint.'" *O'Brien*, 998 F.2d at 1404 (citation omitted).

Courts may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt.  10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. March 29, 2002) (citing *Federal Practice and Procedure: Civil* § 2685).

In this case, most of the factors listed above weigh in favor of default judgment.  There are very few material issues of fact and the grounds for default are clearly established. Moreover, there are no issues of substantial public importance here.  Furthermore, the default is not simply a technicality, as Defendant has not pleaded or appeared in this matter since the lawsuit was filed in March 2005.  Defendant cannot be allowed to completely ignore this suit. On the other side of the balancing equation, Plaintiffs seek a large amount of money – over 1.3 million dollars.  Nevertheless, in the end, the Court finds that a weighing of these competing factors comes out in favor of Plaintiffs.  Thus, default judgment is appropriate.

Normally, upon considering a motion for default judgment, a court must have a hearing to determine damages.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722

F.2d 1319, 1323 (7th Cir. 1983). In cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, however, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323).

To support their claim of a WARN Act violation, Plaintiffs provide the Court with affidavits of Rick Sirko, Geraldine Gallardo, Nikki Schultz, Cindy Whalen, and Dawn Carpenter. (*See* App. for Default Judgment at 4.) The total amount requested for the WARN Act violations is $400,541.16. (*See id.* at 5.) But the Court is unable to find certain amounts in the submitted affidavits. Frederick Sirko submitted three affidavits in support of his claims. However, one of the affidavits (that provides several Plaintiffs' hourly wage rates) is incomplete – it appears to be missing the first page, and does not inform the Court why Sirko is qualified to provide the hourly wage amounts of certain Plaintiffs. (*See* 6/23/05 F. Sirko Aff. [Doc. 12-2 at 2-4].) Therefore, several Plaintiffs' wage claims under the WARN Act are not substantiated by verified and complete documentation.[1] (*See* App. for Default Judgment at 4-5.)

Plaintiffs also provide the Court with affidavits of each individual Plaintiff in support of their Indiana Wage Payment Statute claim.[2] The total amount as currently requested by Plaintiffs for Indiana Wage Payment Statute violations is $328,943.98, which when tripled, equals $986,831.94 (App. For Default Judgment at 8). *See* I.C. § 22-2-5-2; *Stampco Constr. Co.,*

---

[1] The affidavits of Geraldine Gallardo, Nikki Schultz, Cindy Whalen, and Dawn Carpenter are complete and provide adequate substantiation for their WARN Act claims.

[2] The Court notes that Robert Walker's affidavit asserts that more money is owed to him in unpaid wages and vacation than is presented by the Plaintiffs' Application. *Compare* R. Walker Aff. [Doc. 12-4 at 38] *with* App. for Default Judgment at 7.

5

*Inc. v. Guffey*, 572 N.E.2d 510, 514 (Ind. Ct. App. 1991) ("We have interpreted I.C. § 22-2-5-2 to provide a penalty equal to double the unpaid wages in addition to the unpaid wages.  The total maximum award may amount to three times the wages due.") (citations omitted).  Plaintiffs also seek attorney's fees and costs but have not provided an affidavit to the Court attesting to the amounts they seek.

The Court finds that, once Plaintiffs supplement their previous documentation with responses to the above issues raised by the Court (which should pose little difficulty for Plaintiffs), the affidavits will establish the amount of damages owed by Defendant.  Therefore, a hearing should not be necessary.  Accordingly, default judgment can be granted now despite the fact that some damages sought by Plaintiffs still remain unknown at this time.  *But see Lowe*, 361 F.3d at 339-340 ("[I]f an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered.").[3]

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Verified Application to Court to Enter an Order and Default Judgment against Defendants [Doc. 12] is **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiffs supplement their submission by providing the Court with (1) the entire affidavit of Frederick Sirko; and (2) an affidavit attesting to the amount Plaintiffs seek in attorneys' fees and costs.  The Court will not order the clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 58 at this time.  Instead, the Court will enter a final damages award and

---

[3] If by some small chance the damages cannot be ascertained by the submitted affidavits, the Court will re-visit the issue and has the discretion to set aside the judgment if necessary.  *See* Fed. R. Civ. P. 55(c); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

6

judgment when the total damages amount is verified by Plaintiffs.

      **SO ORDERED**.

      ENTERED: April 11, 2006

                                                  s/ Philip P. Simon
                                                  PHILIP P. SIMON, JUDGE
                                                  UNITED STATES DISTRICT COURT